## Solomon & Cramer LLP

1441 Broadway, Suite 6026
New York, New York 10018
(t) 212-884-9102
(f) 516-368-3896

----------

Andrew T. Solomon
Jennifer G. Cramer

September 11, 2019

Hon. P. Kevin Castel
Daniel Patrick Moynihan U.S. Courthouse    **VIA ECF**
500 Pearl Street
New York, New York 10007-1312

Re:   *Textbroker International LLC v. Skupnick*, 19-cv-05608(PKC)

Dear Judge Castel:

This firm represents plaintiff Textbroker International LLC. Textbroker submits this letter motion for an order, pursuant to Fed.R.Civ.P. 4(e), authorizing service of process (including the summons and complaint) on Defendant Chloe Skupnick ("Skupnick") via her email address.[1]

Rule 4(e)(1) provides for service of process on an individual by "following state law for serving a summons" in the state where the federal court is located. By trying unsuccessfully on three occasions to personally serve Skupnick at three addresses across the country, as well as employing the services of a private investigator to locate her, Plaintiff has demonstrated that service is not "practicable" under the usual methods of service of process pursuant to CPLR 308. Furthermore, Textbroker's proposed method of service via Skupnick's confirmed email address is reasonably calculated under the circumstances to apprise her of the pendency of this action in accordance with CPLR 308(5). Accordingly, Textbroker's motion for leave to serve process and all other pleadings and papers in this action on Skupnick to her email address should be granted.

### STATEMENT OF FACTS AND PROCEEDINGS

Textbroker is the world's leading online content marketplace. In this action, Textbroker asserts claims, *inter alia*, against Skupnick for breach of its terms of service and of the implied covenant of good faith and fair dealing. The complaint alleges that Skupnick directly contacted customers listing work on Textbroker's website and obtained work from customers without paying Textbroker's fee, in violation of its terms of service. In addition, Skupnick is alleged to have shared the details of her scheme in the online message board Reddit. Despite its diligent efforts, Textbroker has been unable to serve process in this action on Skupnick.

---

[1] We understand that the Court's individual practices call for pre-motion letters for most civil motions. Should the Court decline to entertain this letter motion on that basis, we respectfully request that the Court treat this filing as a pre-motion letter requesting leave to file a motion for the same relief.

Attempts have been made to serve Skupnick at three different locations. On or about July 24, 2019, Textbroker engaged a process server to effect service at her last known address at 392 Elrock Drive, Chambersburg, PA 17201. No one was home and the property appeared to be vacant. *See* Declaration of Andrew T. Solomon, Esq., dated September 11, 2019 ("Solomon Decl."), attached hereto, at ¶ 3. Textbroker then hired an investigator, who identified 20903 Zenkner Valley Road SW, Centralia, WA, a property owned by co-Defendants David and Nicole Thelin, as Skupnick's address. (*Id*. ¶4). On or about August 1, 2019, a process server found no one at the Centralia address and the inside of the residence to be vacant. Moreover, it appeared to the server that the occupants had recently moved out. (*Id.* ¶5). On or about August 20, 2019, the investigator next reported Skupnick's address to be at 1213 Arthur Street, Unit 4, Aberdeen, WA. (*Id.* ¶6). A process server made multiple attempts to serve Skupnick at the Aberdeen address, but no one answered the door. (*Id.* ¶7).

Currently, a LinkedIn page having Defendant's name at https:www.linkedin.com/in/chloe-skupnick-246a71110/ provides a link to a website believed to belong to Skupnick at http://copywriteprofessional.wordpress.com. This website, which provides information about "Chloe Skupnick, professional copywriter," lists the method of contact as email to "chloeskupnick@gmail.com." (*Id*. ¶8).[2]

## ARGUMENT
### PLAINTIFF HAS SHOWN THAT SERVICE OF PROCESS ON SKUPNICK IS IMPRACTICABLE UNDER CPLR 308, AND THAT SERVICE VIA HER EMAIL ADDRESS WOULD BE REASONABLY CALCULATED TO REACH HER

Fed. R. Civ. P. 4(e), which governs service on an individual within the U.S., provides in relevant part that "an individual … may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located …." CPLR 308 provides in relevant part, "Personal service upon a natural person shall be made by any of the following methods: … (5) in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section."[3]

This Court and others in the Second Circuit "have found a showing of impracticability, and have authorized alternative service under CPLR 308(5), "where the defendant could not be located by means of a diligent search." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016); *see also S.E.C. v. Nnebe*, No. 01-cv-5247(KMW)(KNF), 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003); *S.E.C. v. HGI, Inc.*, No. 99-cv-3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8,

---

[2] The investigator identified this email address as belonging to Ms. Skupnick and my office has copies of recent emails showing Ms. Skupnick using this email address actively. Solomon Decl. ¶¶ 4, 8.

[3] Paragraphs one, two and four of CPLR 308 refer, respectively, to delivery of process to a person within the State, personally serving process at or mailing it by first class mail to the person's dwelling place or usual place of abode, and by affixing the summons to the door of the dwelling place or usual place of abode and by mailing it to the person's last known residence. Since Plaintiff has been unable, after several attempts, to locate the place of abode of Defendant and it is not known whether she has been in New York, all these methods of service of process are unavailable.

1999). "The meaning of 'impracticability' depends upon the facts and circumstances of the particular case. *Ferrarese*, 164 F. Supp. 3d at 365; *HGI, Inc*., 1999 WL 1021087, at *1.

Textbroker has made diligent efforts to ascertain Skupnick's whereabouts, including the hiring of a private investigator and process servers. In accordance with the method of service in CPLR 308(2), process servers have made several attempts to serve Skupnick at three different suspected addresses in Pennsylvania and Washington. All have been unsuccessful. In the second attempt, at a residence identified by the private investigator in Centralia, Washington (which was owned by co-Defendants David and Nicole Thelin), the process server observed that it "appeared that the residents had recently moved out," suggesting an effort to avoid service. (Solomon Decl. ¶¶4, 5)

Similar searches for the residences or whereabouts of defendants have been held sufficient to demonstrate that service of process is "impracticable" for purposes of CPLR 308(5). *See, e.g., Ferrarese*, 164 F. Supp. 3d at 365-656 ("Petitioner has been unable to locate the defendant despite sending process servers to both of defendant's home addresses … and hiring a private investigator in an effort to locate the defendant"); *Silverman v. Sito Mktg. LLC*, No. 14-cv-3932 (WFK), 2015 WL 13649821, at *2 (E.D.N.Y. July 21, 2015) ("The record demonstrates that, given the diligent efforts of plaintiff to serve [defendant] at all known addresses, service on [defendant] by traditional methods is indeed 'impracticable'"); *D.R.I., Inc. v. Dennis*, No. 03-cv-10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) ("Plaintiff has attempted, through a process server to serve [defendant] at his last known addresses" and "has performed searches for [defendant's] address"); *Kelly v. Lewis*, 220 A.D.2d 485, 486 (2d Dept. 1995) (court reasonably concluded that "service was impracticable under the other relevant sections of CPLR 308" where "plaintiffs made three unsuccessful attempts at three different times on three different weekdays to serve the defendant … at his last known residence address").[4]

When the "usual methods of service prove impracticable" under CPLR 308, a proposed method of "service [of process] that is 'reasonably calculated, under all the circumstances, to apprise [the] interested part[y] of the pendency of the action' will suffice." *D.R.I., Inc*., 2004 WL 1237511, at *1 (quoting *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)); *see also Fortunato*, 2012 WL 2086950, at *2.

Service of process on Skupnick by means of her email address is reasonably calculated under the circumstances presented here to apprise her of the pendency of the action. In addition to the investigator having confirmed Skupnick's email address to be chloeskupnick@gmail.com, on her professional website, which is linked to what appears to be her LinkedIn page, that address is the only way to contact her. (Solomon Decl. ¶¶4, 8) As this Court has stated, "[se]rvice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc*., No. 12-cv-7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); *see also Philip Morris USA Inc. v. Veles Ltd*., No. 06-cv-2988 (GBD),

---

[4] At the same time, this Court has made clear that CPLR 308(5) "does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Fortunato, v. Chase Bank USA, N.A.*, No. 11-cv-6608 JFK, 2012 WL 2086950 (S.D.N.Y. June 7, 2012); *see also Rampersad v. Deutsche Bank Securities, Inc*., No. 02-cv-7311 (LTS)(AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003).

2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007) ("federal courts have approved email service of process as an appropriate means under Rule 4 in proper circumstances").[5]

## CONCLUSION

For the foregoing reasons, Plaintiff Textbroker International LLC respectfully requests the entry of an order permitting it to serve the Summons, Complaint, and all other pleadings and papers in this action, on Defendant Skupnick via her email address – chloeskupnick@gmail.com.

Respectfully yours,

*/s/Andrew T. Solomon*

Andrew T. Solomon
Attorney at Law

Enclosure

cc:  Chloe Skupnick (by email to chloeskupnick@gmail.com)

---

[5] In a decision suggesting that service of process by email may not alone be sufficient to apprise the defendant of the pendency of the action, more information about the defendant's location was known than under the circumstances here. In *DRI, Inc.*, the Court required, in addition to service to defendant's email address, "sending copies of the summons and complaint by certified mail, return receipt requested to defendant Dennis's last known addresses" and "publication of the action in a local newspaper." 2004 WL 1237511, at *2. Here, Skupnick's last known residence is unknown, as is the local newspaper where she lives.

4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
TEXTBROKER INTERNATIONAL, LLC    )
                                 )
              Plaintiff,         )     Civil Action No. 19-cv-05608(PKC)
                                 )
       v.                        )
                                 )     **DECLARATION IN SUPPORT**
CHLOE SKUPNICK, DAVID THELIN,    )     **OF MOTION**
NICOLE THELIN, and JOHN DOE 1-4  )
                                 )
              Defendants.        )
--------------------------------------------------
```

I, Andrew T. Solomon, pursuant to pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am attorney with the law firm of Solomon & Cramer LLP, counsel for Plaintiff Textbroker International, LLC ("Textbroker") in the above-captioned action. I make this Declaration in support of Textbroker's letter motion for leave to serve the Summons and Complaint, and other process, on Defendant Chloe Skupnick ("Skupnick") via her email address at [chloeskupnick@gmail.com](mailto:chloeskupnick@gmail.com).

2. I have personal knowledge of the following facts, and if called as a witness could and would competently testify thereto.

3. On or about July 24, 2019, Textbroker, through counsel, engaged a process server to effect personal service of the Summons and Complaint in this action on Skupnick at her last known address, 392 Elrock Drive, Chambersburg, Pennsylvania. The process server reported that no one was home and the property appeared to be vacant. The process server further reported that a neighbor told him that the Skupnicks had moved to Washington.

4. On or about July 26, 2019, Textbroker, through counsel, engaged an investigator to ascertain Skupnick's current address. The investigator reported Skupnick's current address as 20903 Zenker Valley Road SW, Centralia, Washington, a residential property owned by

codefendants David and Nicole Thelin. The investigator also reported that Skupnick's email address was chloeskupnick@gmail.com. I have since seen multiple emails, including after commencement of this case, where Ms. Skupnick has used that address to communicate with other people.

5. On or about August 1, 2019, Textbroker, though counsel, engaged a process server to effect personal service of the Summons and Complaint in this action on Skupnick at the Centralia, Washington address. The process server reported that the property was vacant and it appeared that the residents had recently moved out.

6. On or about August 20, 2019, Textbroker, through counsel, engaged the investigator to ascertain Skupnick's current address. The investigator reported Skupnick's current address as 1213 Arthur Street Unit 4, Aberdeen, Washington.

7. Textbroker, through counsel, engaged a process server to effect personal service of the Summons and Complaint in this action on Skupnick at the Aberdeen, Washington address. On or about September 4, 2019, the process server reported that they had made multiple attempts to effect service but no one had answered the door at the Aberdeen, Washington address.

8. A LinkedIn page believed to belong to Skupnick, https://www.linkedin.com/in/chloe-skupnick-246a71110/, provides a link to a website also believed to belong to Skupnick, https://copywriteprofessional.wordpress.com/. This website, which provides information about "Chloe Skupnick, professional copywriter," provides contact information in the form of an email address, chloeskupnick@gmail.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: September 12, 2019                    By:  /s/ *Andrew T. Solomon*
                                                          Andrew T. Solomon

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

| | |
|---|---|
| TEXTBROKER INTERNATIONAL, LLC ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 19-cv-05608(PKC) |
| ) | |
| v. ) | |
| ) | **AFFIRMATION OF SERVICE** |
| CHLOE SKUPNICK, DAVID THELIN, ) | |
| NICOLE THELIN, and JOHN DOE 1-4 ) | |
| ) | |
| Defendants. ) | |

-------------------------------------------------------

     I, Andrew T. Solomon, pursuant to pursuant to 28 U.S.C. § 1746, declare as follows:

     1.     I am attorney with the law firm of Solomon & Cramer LLP, counsel for Plaintiff Textbroker International, LLC ("Textbroker") in the above-captioned action.

     2.     I have personal knowledge of the following facts, and if called as a witness could and would competently testify thereto.

     3.     On September 12, 2019, at 9:14 AM, I emailed the foregoing letter motion, together with true copies of the Summons and Complaint in this action and the Individual Practices of Judge P. Kevin Castel, to defendant Chloe Skupnick at chloeskupnick@gmail.com.

     I declare under penalty of perjury that the foregoing is true and correct.

Executed:  September 12, 2019          By:  /s/ *Andrew T. Solomon*
                                                          Andrew T. Solomon