UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TEXTBROKER INTERNATIONAL, LLC,

                Plaintiff,                             19-cv-5608 (PKC)

      -against-                                     ORDER

CHLOE SKUPNICK and JOHN DOES 1-4,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Textbroker International, LLC ("Textbroker") moves for entry of default judgment against defendant Chloe Skupnick. (Doc 30.) For the reasons explained, Textbroker's motion will be granted.

        Textbroker commenced this action by filing a complaint on June 14, 2019, alleging that defendants Chloe Skupnick, David and Nicole Thelin ("Thelins"), and John Does 1-4 violated its Terms of Service. (Doc 1.) The Thelins have been voluntarily dismissed from this action. (Doc 22.) Textbroker is an online platform that connects freelance authors of written content ("Authors") with people and entities looking to purchase such content ("Customers").[1] (Doc 1 ¶ 1.) Textbroker collects a fee when an Author completes a job for a Customer, and its Terms of Service explicitly prohibits Authors and Customers from contacting each other outside the platform to circumvent Textbroker's fees. (Id.) The complaint states that Skupnick, a Textbroker Author, violated the Terms of Service by contacting Customer defendants David and Nicole Thelin and John Does 1-3 and performing freelance writing services for them outside of

---

[1] On a motion for entry of default judgment, the Court accepts as true the factual allegations in the complaint, except those related to damages. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

- 1 -

Textbroker's platform. (Id. ¶ 2.) Using the name "needaroomba," Skupnick posted on Reddit, an online message board, about her work outside of Textbroker, and Textbroker alleges that John Doe 4, another Author, posted on Reddit to indicate that he would engage in similar conduct. (Id. ¶¶ 3, 26-29.) John Doe 4 posted on Reddit with the username "textbrokersucks." (Id. ¶ 28.) Phillip Thune, CEO of Textbroker, submitted a declaration in support of Textbroker's motion for default judgment. (Doc 32.) Appended to Thune's declaration are printouts of Skupnick's and John Doe 4's Reddit posts. (Doc 32, Ex. A.)

Subject matter jurisdiction is premised on diversity of citizenship. Venue is proper pursuant to the New York forum selection clause in the Terms of Service agreement. (Doc 1 ¶¶ 14-15.) Textbroker is a limited liability company owned by a single member, Sario Marketing GmbH, a German company, and has an office in Las Vegas, Nevada. (Doc 1 ¶ 5.) Textbroker is organized under the laws of Nevada. (Id.) Skupnick is believed to be a citizen of Pennsylvania, but attempts to serve process on her at her Chambersberg, Pennsylvania address were unsuccessful. (Id. ¶ 6; Sept. 13, 2019 Order (Doc 20).) Textbroker also attempted, unsuccessfully, to serve Skupnick at an address in Aberdeen, Washington. (Doc 20.) The Court's September 13, 2019 Order permitted Textbroker to serve Skupnick via email and by sending copies via certified mail to both the Chambersberg and Aberdeen addresses. (Id.) Textbroker filed an affidavit of service on September 24, 2019. (Doc 23.) To date, Skupnick has not appeared in this case, and the Court has not received any communications from her. Skupnick has not opposed the motion for entry of default judgment.

Textbroker filed a proposed Certificate of Default on October 15, 2019. (Doc 25.) The Clerk of Court entered the Certificate on October 17, 2019. (Doc 27.) Textbroker filed this motion for entry of default judgment on October 30, 2019. (Doc 30.) In support of its motion,

Textbroker submitted two declarations—one from its attorney, Andrew T. Solomon (Doc 31), and the other from its CEO, Phillip Thune. (Doc 32.) Thune's declaration includes the relevant section of Textbroker's Terms of Service that prohibits Authors from contacting Customers outside the Textbroker platform: "If you violate the terms of this Section, and you directly or indirectly provide services outside this Site, among other remedies, you shall pay Textbroker its 5-star OpenOrder client rate for each word written, in addition to a $500 administrative fee per article written and any of Textbroker's costs (including legal fees) to collect such payments." (Id. ¶ 7.) Thune states that Skupnick contacted the Thelins outside of the Textbroker platform, and wrote two articles for the Thelins' website, lowincomerelief.com, in November 2017, and went on to write an additional 375 articles for their website between December 2017 and May 2019. (Id. ¶¶ 11-14.) Appended to Thune's declaration are screenshots of these articles. (Id. Ex. B.) These printouts show her first name in the byline. (Id.) One of Skupnick's Reddit posts using the name "needaroomba" states: "My name is published on the client's site so I would imagine that's how [Textbroker] found out, I just literally had no idea that they would do this. I guess read the TOS [Terms of Service] better." (Doc 32, Ex. A.)

Thune approximates that Skupnick's articles for the Thelins' website totaled 375,000 words. (Id. ¶ 16.) Textbroker's "5-star OpenOrder client rate" is 7.2 cents per word. (Id. ¶ 17.) Damages for each word written for the Thelins therefore amount to $27,000. (Id. ¶ 18.) Damages per article, calculated by multiplying the $500 administrative fee by 375 articles, total $187,500. (Id. ¶ 19.) The total amount of damages Textbroker claims is therefore $214,500. (Id. ¶ 20.) Based on Thune's declaration and the printouts annexed thereto, the Court finds that plaintiff has come forward with evidence establishing damages with reasonable certainty.

Plaintiff's motion for entry of default judgment is GRANTED. The Clerk is directed to terminate the motion (Doc 30) and enter judgment for the plaintiff against defendant Skupnick in the amount of $214,500. No John Doe defendants having been served within the 90-day timeframe permitted by Rule 4(m), Fed. R. Civ. P., the Clerk is further directed to close this action.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 6, 2020